UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

FILED - MQ
February 10, 2017 10:12 AM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: mlc/ Scanned by

MARIO SENTELLE CAVIN,
    Plaintiff,

v.

PATRICIA DWIGHT BELFRY, and
JOHN DOE,
    Defendants.

Case No. 2:17-cv-31
Hon. Robert J. Jonker, US District Judge
Mag. Timothy P. Greeley, US Magistrate Judge

## CIVIL RIGHTS COMPLAINT W/ JURY DEMAND

### Previous Lawsuits

Plaintiff, Mario Sentelle Cavin ("Cavin") has filed four previous lawsuits in the U.S. District Court. See *Cavin v Caruso*, Case No. 1:07-cv-1231 (granted defendants' motion for summary judgment); *Cavin v Heyns*, Case No. 1:11-cv-1370 (granted defendants' motion for summary judgment); *Cavin v Heyns*, Case No. 2:15-cv-44 (granted defendants' motion for summary judgment); *Cavin v Leach*, Case No. 2:15-cv-14449 (still pending in the Eastern District).

### Introduction

This is a civil rights action filed by Cavin, a state prisoner, seeking declaratory relief and damages under 42 USC § 1983 and § 1997e, alleging a

-1-

violation of the Fourth Amendment as well as its Michigan counterpart, Mich. Const. 1963, Art. 1 § 11.

## Jurisdiction

1) This Court has jurisdiction over Cavin's federal claim under 28 USC §§ 1331(1) and 1343.

2) This Court has supplemental jurisdiction over Cavin's state claims under 28 USC § 1367.

## Parties

3) Plaintiff Cavin is currently housed at the Bellamy Creek Correctional Facility (IBC), located at 1727 West Bluewater Highway, Ionia, Mich. 48846.

4) Defendant Belfry is a Sargeant with the Michigan Department of Corrections' (MDOC's) Transportation Division. Her principal place of employment is located at Marquette Branch Prison (MBP), 1960 U.S. Highway 41, Marquette, Mich. 49855. She is sued in her individual capacity.

5) Defendant Doe is a Correctional officer at MBP, which is located at the same address as Belfry. He is sued in his individual capacity.

## Factual Background

6) On or near 10/13/15, Cavin was transferred from the G. Robert Cotton Correctional Facility (JCF) to MBP to attend a court hearing in front of Mag. Timothy P. Greeley.

7) On 10/27/15, while preparing to leave MBP to return to JCF, Cavin was instructed to report to the facility chapel to be searched, shackled, and placed on a transportation bus.

8) While in the chapel, Cavin was ordered by Defendant Doe to strip nude in front of fifteen to twenty other prisoners, a camera, and Belfry (a female employee).

9) Cavin asked Doe "if he could be searched in another - more private - location" because he felt humiliated, embarrassed, and violated at being forced to strip for an audience and a female.

10) Doe simply stated, "I have my orders," and nodded towards Belfry whom continued leering at myself and the others being stripped.

11) Belfry occasionally glanced down to write in a folder while leaning against a table nearest the windows leading to a hallway. See (Ex. A, Diagram of Chapel).

12) Throughout this entire ordeal, Belfry left the chapel two or three times, only to return to her original position nearby the prisoners being strip searched.

13) After consulting with multiple prisoners, Cavin asserts, upon information and belief, that MBP staff have a policy or custom of conducting mass strip searches of prisoners transferring out of the facility, and that these searches are conducted in front of, and in view of other individuals, prisoners and staff alike. (Ex. B, Affidavit of Leon Almond-Bey).

I. <u>Fourth Amendment and State Constitutional violations</u>

14) § 1983 imposes civil liability on any person acting under color of State law who deprives another of the rights, privileges, or immunities secured by the Constitution and laws.

-3-

15) Cavin's interest in his own bodily integrity is the most personal and deep-rooted expectations of privacy - the very interests the Fourth Amendment protects.

16) Belfry and Doe were acting under color of state law when they violated the Fourth Amendment protections.

17) Defendants violated Cavin's right to privacy against forced exposure to strangers of the opposite sex without any penological interests. Although Doe had a valid reason for searching Cavin, no special circumstances required additional justification for strip searching him where others - including Belfry - could see him nude.

18) Considering there were obvious and easy alternatives to conduct the search without significant intrusion into Cavin's privacy interest demonstrates that the custom of mass strip searches in view of audiences is unreasonable.

19) This policy or custom of Belfry's cannot survive a test of reasonableness. Although all prisoners may be subject to visual strip searches upon leaving or entering a correctional facility does not mean that strip searches may be conducted in view of other inmates or female staff. Nor does it mean mass strip searches may be conducted in view of cameras or large windows for anyone to see.

20) A strip search performed in view of other inmates without a legitimate penological justification violates Cavin's clearly established Fourth Amendment rights [1] and is exceedingly intrusive.

---

F.N.1 - The right not to be subjected to a humiliating strip search in full view of several others was clearly established by February 2007.

21) Defendants may not simply justify the searches, but must justify doing them in the open.

## Exhaustion of Administrative Remedies

22) On 10/29/15, Cavin filed a grievance naming both Defendants. (Ex. C, Attachment 1).

23) On 12/11/15, Cavin received a PREA report alleging that there was "insufficient evidence" to support the allegation. (Ex. C, Attachment 2).

24) On 12/22/15, Cavin requested a Step 2 Grievance to appeal the Step 1 decision. (Ex. D, Attachment 1). Due to never receiving a Step 2 appeal form, Cavin sent a handwritten Step 2 appeal. (Ex. D, Attachment 2).

25) By 5/9/16, Cavin had not received a Step 2 response, so he filed a handwritten Step 3 appeal. (Ex. E). No response as ever been received.

## Claims for Relief

26) Belfry's insistence on viewing Cavin nude during the mass strip search violates his Fourth Amendment protections against intrusive invasions of his privacy.

27) Doe had a constitutional obligation to ensure Cavin's strip search was conducted in a reasonable and unintrusive manner. His failure to use obvious and easy alternatives resulted in a violation of Cavin's Fourth Amendment rights.

28) The actions of Belfry and Doe also violated Cavin's right to privacy under Mich. Const. 1963, Art. 1 § 11.

<u>RELIEF REQUESTED</u>

WHEREFORE, Cavin requests that this Court grant the following:

A. Issue a Declaratory Judgment stating:

1) The policy or custom of conducting mass strip searches in open areas and in view of other inmates and females is unreasonable.

2) Belfry's decision to observe the mass strip searches of male prisoners violated the Fourth Amendment.

3) Doe's failure to conduct the strip searches in a more private manner violated the Fourth Amendment.

B. Award Punitive Damages in the following amounts:

1) $10,000 against Belfry and Doe, both individually and collectively, for deliberately violating Cavin's Fourth Amendment protections.

2) $10,000 against Belfry and Doe, both individually and collectively, for deliberately violating Cavin's protections under State law.

C. Award Nominal Damages against both Defendants.

D. Grant such other relief as it may appear Cavin is entitled, including, but not limited to, the costs of preparing and litigating this matter.

Respectfully submitted,

Date: 2/6/17

*Mario Sentelle Cavin*
Mario Sentelle Cavin [326204]
Plaintiff In <u>Pro Se</u>

-6-

## VERIFICATION

I, Marro Sentelle Cavin, being first duly sworn, states that the above facts are true to the best of my knowledge, information and belief.

Date: 2/6/17

*Marro Sentelle Cavin*
Marro Sentelle Cavin [326204]
Plantiff in Pro Se

-7-

Mario Serrelle Cavin [326204]
1727 West Bluewater Hwy.
Ionia, Mich. 48846



U.S. District Court
 Attn: Clerk of the Court
229 Post Office & Fed. Bldg.
P.O. Box 698
Marquette, Mich. 49855